The relator is the owner of a certain lot of ground situated at a short distance southeast of the corporate limits of the Town of Thibodaux, being Lot No. 6 of Block 6 of Ridgefield Heights Addition to the Town of Thibodaux.
The Assessor for the Parish of Lafourche placed this property on the assessment rolls of said parish for the year 1946, assessing the said property in the name of relator and fixed the total tax to be due thereon. Pursuant to the said assessment, the taxes becoming due and delinquent, the Sheriff and Ex-Officio tax collector for the Parish of Lafourche proceeded to advertise the said property for sale to satisfy the taxes due thereon.
Whereupon the relator, alleging that the said property was situated in the Parish of Terrebonne and not in the Parish of Lafourche, brought this mandamus proceeding against the Assessor and Sheriff of the Parish of Lafourche, and against the Louisiana Tax Commission and its members, *Page 28 
to have them cancel and erase the said assessment from the assessment and tax rolls of the said parish for the, year 1946, and to cancel the asserted tax lien and privilege flowing from said assessment.
The suit is defended on the ground that the said property is situated in the Parish of Lafourche, thus rightfully and correctly assessed.
On this issue, the case was tried, resulting in a judgment, with written reasons assigned, in favor of plaintiff and against the defendants, commanding the said Assessor and the Sheriff to cancel and erase the assessment of the property from the tax rolls of the Parish of Lafourche for the year 1946, and also to cancel the lien and privilege resulting from the said assessment. Defendants have appealed.
The Parish of Terrebonne was created out of the Parish of Lafourche Interior by Act of the Legislature approved on March 22, 1822. The Act of 1822 was amended by Act No. 97 of 1850. In the case of Parish of Lafourche v. Parish of Terrebonne, 34 La. Ann. 1230, the Supreme Court had under consideration the interpretation of these two acts in the fixing of the boundary between these two parishes and fixed the lines as follows: "Beginning at a point where the line between the Parishes of Lafourche Interior and Assumption intersects the north boundary of township No. Sixteen, range No. Fourteen east, thence along said north boundary to the northeast corner of said township, thence east along the north boundary of township number sixteen, range number fifteen, six miles to the northeast corner of said township, thence north along the east boundary of township number fifteen range number fifteen east, two miles, thence east according to the section lines of the public surveys, three miles to the back lines of the lands of Mrs. Lemuel Tanner, at a distance of eighty arpents from the Bayou Terrebonne; from thence, winding round the settlement of the said Bayou Terrebonne to the distance of forty arpents from the Bayou Lafourche said winding round said settlement to be continued east to the rear west line of said settlement, thence south, still winding round the settlement of Bayou Terrebonne, on the east of said Bayou, until a distance of eighty arpents from Bayou Lafourche can be effected without encountering the limits of the lands on Bayou Terrebonne; from thence, still at a distance of eighty arpents from Bayou Lafourche, a line parallel with said Bayou to the Bayou Blue Water, otherwise known as Bayou du chene, following at right bank to the sea."
In considering the object of the legislature in setting the eastern line of the new parish relative to settlements on Bayou Terrebonne, the court states: "As the lines of the settlement on Bayou Terrebonne ran at right angles with the lines of the estates situated on Bayou Lafourche, the main and evident object of the legislator, in running the lines of the new parish so near the Bayou Lafourche, and in enacting that the line from a point eighty arpents from Bayou Terrebonne and running north to a point forty arpents from the Lafourche, should 'wind round' the settlement or land lines on Bayou Terrebonne, was to avoid any change in the lines of the owners of property of that settlement, or to avoid placing portions of their property in one parish and portions in another. And the same care was taken not to break up the lines of the Lafourche lands. In our opinion, the same object prevailed in the legislator's mind in establishing the lines west of Bayou Terrebonne so as not to cut up the lines of land owners in either parish and to have entire estates exclusively in one or the other of the parishes".
The testimony and the maps filed in evidence show that relator's property is situated in the northeastern part of Section 78, T. 15 S., R. 16 East, Southeastern District. The testimony and maps further show that said Section 78 is west of Bayou Terrebonne, and is the most or last northern grant fronting on Bayou Terrebonne, being bounded on the north by grants fronting on Bayou Lafourche. Immediately to the east or the east side of Bayou Terrebonne is Section 141 of the said Township. The American State Papers, Gales and Seaton Edition, Public Lands, Volume 2, page 433, show the following:
"No. 497 William Hammond claims a tract of land, situated on both sides of the Bayou Darbonne in the County of Lafourche, containing one hundred and fifty- *Page 69